UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
DIONICIO DE JESUS MORALES, et al., :
:
Plaintiffs, :
: 20-cv-3950 (LJL)
-v- :
: ORDER GRANTING
STALWART GROUP INC. d/b/a Roasted Masala, et al., : DEFAULT JUDGMENT
:
Defendants. :
:
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Dionicio de Jesus Morales ("de Jesus Morales") and Florentino Saldana Navarro ("Navarro") were employed as delivery workers and dishwashers at the restaurant Roasted Masala. They filed this action on May 21, 2020, bringing claims against Defendants Stalwart Group Inc. (d/b/a Roasted Masala) ("Stalwart Group") and its owner, manager, principal, or agent Samson Severes ("Severes") under the Fair Labor Standards Act, 28 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL").[1] They seek damages, including liquidated damages, pre and post-judgment interest, attorneys' fees and costs in connection with their claims for violations of unpaid minimum and overtime wages under FLSA and NYLL, unpaid spread of hours pay under NYLL, notice and recordkeeping requirements of the NYLL, wage statement provisions of NYLL, recovery of equipment costs under FLSA and NYLL, and timely payment provisions under NYLL.

Stalwart Group was served on July 23, 2020 and Severes was served on August 29, 2020.

---

[1] Former Plaintiff Jesus Galindo was previously listed as a plaintiff but indicated through counsel that he did not wish to pursue his claims and filed a notice of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A) on January 11, 2021. Dkt. No. 29.

Neither Defendant responded to the Complaint. Plaintiffs moved for a default judgment on November 25, 2020.[2]

## LEGAL STANDARD

Federal Rule of Civil Procedure 55 sets forth a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *See New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a). The second step, entry of a default judgment, "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted" by the pleadings. *Mickalis Pawn Shop*, 645 F.3d at 128; *see also* Fed. R. Civ. P. 55(b). Whether entry of default judgment at the second step is appropriate depends upon whether the allegations against the defaulting party are well-pleaded. *See Mickalis Pawn Shop*, 645 F.3d at 137.

Because a party in default does not admit conclusions of law, "a district court need not agree that the alleged facts constitute a valid cause of action." *Id.* (citation omitted); *see Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 367 (S.D.N.Y. 2020) ("The essence of Fed. R. Civ. P. 55 is that a plaintiff can obtain from a default judgment relief equivalent to but not greater than that it would obtain in a contested proceeding assuming it prevailed on all of its factual allegations."). Therefore, this Court is "required to determine whether the plaintiff's allegations

---

[2] This action was initially brought as a class or collective action but Plaintiffs seek a default judgment only on their own behalf.

2

are sufficient to establish the defendant's liability as a matter of law." *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  A party later challenging the entry of a default judgment must satisfy the "good cause shown" standard in Fed. R. Civ. P. 55(c), which requires a court to "weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).

"The legal sufficiency of these claims is analyzed under the familiar plausibility standard enunciated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), aided by the additional step of drawing inferences in the non-defaulting party's favor." *WowWee Grp. Ltd. v. Meirly*, 2019 WL 1375470, at *5 (S.D.N.Y. Mar. 27, 2019).  A default judgment entered on well-pleaded allegations does not reach the issue of damages, and Plaintiffs "must therefore substantiate [their] claim for damages with evidence to prove the extent of those damages." *Hood v. Ascent Med. Corp.*, 2016 WL 1366920, at *15 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd*, 691 F. App'x 8 (2d Cir. 2017).

To determine the amount of damages that should be awarded on a default judgment, Federal Rule of Civil Procedure 55(b)(2) "leaves the decision of whether a hearing is necessary to the discretion of the district court." *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989); *see also Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012). And "[w]here, on a damages inquest, the plaintiff makes a damages submission and the defaulting defendant makes no submission in opposition and does not request a hearing, the court may determine the adequacy of the plaintiff's damages claim based on its submitted proofs." *Lenard*, 889 F. Supp. 2d at 527.

**DISCUSSION**

The Court finds, as a preliminary matter, that the well-pleaded allegations in the Complaint satisfy the jurisdictional prerequisites of the relevant FLSA and NYLL provisions. *See* 29 U.S.C. §§ 206(a), 207(a)(1); NYLL §§ 2, 190 to 199-A; *see generally Marcelino v. 374 Food, Inc.*, 2018 WL 1517205, at *9-10 (S.D.N.Y. Mar. 27, 2018).

The Court further finds that these allegations substantiate Plaintiffs' claimed violations of the minimum wage and overtime provisions of the FLSA, *see* 29 U.S.C. §§ 206(a), 207(a)(1), 255(a), and of the minimum wage, overtime, spread-of-hours, wage notice, and wage statement provisions of the NYLL, *see* NYLL §§ 190 to 199-A, 650, 652(1), 663, 195(1), 195(3).

The Court has reviewed the materials submitted by Plaintiffs and their counsel in connection with the instant application and believes that a further inquest would be unnecessary. *See* Dkt. No. 28 (declaration of Michael Faillace and exhibits, including sworn statements from each Plaintiff concerning his hours and pay ("Faillace Decl.")).

**A.     Damages**

Under the FLSA, the applicable statute of limitations is two years, although it can be extended to three years upon a finding that the employer's violations were willful. 29 U.S.C. § 255(a). The applicable limitations period for NYLL claims is six years. NYLL § 663(3). Neither is a bar to Plaintiffs' recovery as de Jesus Morales worked at Defendants between July 1, 2019 and September 30, 2019 and Navarro worked at Defendants between December 28, 2018 and December 28, 2019.

Where Plaintiffs bring claims under both statutes, they "may not receive a 'double recovery' of back wages under both the FLSA and [the] NYLL." *Hernandez v. Jrpac Inc.*, 2016 WL 3248493, at *31 (S.D.N.Y. June 9, 2016) (quoting *Gen. Tel. Co. of the Nw., Inc. v. EEOC*, 446 U.S. 318, 333 (1980)); cf. *Rana v. Islam*, 887 F.3d 118, 123 (2d Cir. 2018) (per curiam)

4

("We therefore interpret the NYLL and FLSA as not allowing duplicative liquidated damages for the same course of conduct."). Because the NYLL prescribes a higher minimum wage, it shall be the focus of the Court's analysis.

An employee who brings an action under the FLSA or the NYLL for unpaid wages must prove that he performed the work and was not compensated properly for his time. See *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 87 (2d Cir. 2003) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)). Additionally, the FLSA requires an employer to "make, keep, and preserve" records of employee wages, hours, and employment conditions. 29 U.S.C. § 211(c).

Under the FLSA, "[w]hen an employer fails to maintain accurate and complete records of the hours employees work and the amounts they are paid, the plaintiff-employee need only . . . submit 'sufficient evidence from which violations of the [FLSA] and the amount of an award may be reasonably inferred.'" *Gonzalez v. Masters Health Food Serv. Inc.*, 2017 WL 3835960, at *16 (S.D.N.Y. July 27, 2017) (quoting *Reich v. S. New England Telecomms. Corp.*, 121 F.3d 58, 66 (2d Cir. 1997)). An employee discharges his burden at this first step "if he . . . can prove that [he] 'in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *Jrpac*, 2016 WL 3248493, at *27 (quoting *Anderson*, 328 U.S. at 687). "This burden is 'not high' and may be met 'through estimates based on [the employee's] own recollection.'" *Id.* (quoting *Kuebel v. Black & Decker, Inc.*, 643 F.3d 352, 362 (2d Cir. 2011)).

If an employee makes this showing, "[t]he burden then shifts to the employer to come forward [i] with evidence of the precise amount of work performed or [ii] with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Jrpac*,

2016 WL 3248493, at *27 (quoting *Anderson*, 328 U.S. at 687-88). "If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result may be only approximate." *Gonzalez*, 2017 WL 3835960, at *16 (quoting *Anderson*, 328 U.S. at 688).

"A similar standard applies to unpaid compensation claims under [the] NYLL." *Gonzalez*, 2017 WL 3835960, at *16; *see also Garcia v. JonJon Deli Grocery Corp.*, 2015 WL 4940107, at *4 n.8 (S.D.N.Y. Aug. 11, 2015) ("Courts use the same burden-shifting framework to determine liability for unpaid overtime under the NYLL [and the FLSA]."). But under the NYLL, an employer who fails to keep accurate records shoulders a more stringent burden of proof. "NYLL § 196-a provides that where an employer fails to 'keep adequate records or provide statements of wages to employees as required' by the statute, the employer 'shall bear the burden of proving that the complaining employee was paid wages, benefits and wage supplements.'" *Canelas v. World Pizza, Inc.*, 2017 WL 1233998, at *9 (S.D.N.Y. Mar. 31, 2017) (quoting NYLL § 196-a(a)); *see also generally Gamero v. Koodo Sushi Corp.*, 272 F. Supp. 3d 481, 497 (S.D.N.Y. 2017). The NYLL is more demanding than the FLSA, which permits an employer to discharge this burden merely by undermining the reasonableness of an employee's evidence that he was underpaid. *Cf. Jrpac*, 2016 WL 3248493, at *27. In contrast, the NYLL requires that an employer demonstrate by a preponderance of the evidence that it in fact paid its employees "wages, benefits and supplements." NYLL § 196-a(a); *see also Jrpac*, 2016 WL 3248493, at *36. And "[i]f an employer cannot satisfy its burden under the FLSA, it cannot satisfy th[is] 'more demanding burden' of the NYLL." *Canelas*, 2017 WL 1233998, at *9 (quoting *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 337 n.15 (S.D.N.Y. 2005)).

Defendants failed to appear in this action and refused to provide Plaintiffs with pay

6

records.  Instead, Plaintiffs' counsel has submitted sworn statements by each Plaintiff with their best estimates of the days of the week and hours worked.

The Court accepts these as best estimates.  *See Teofilo v. Real Thai Cuisine Inc.*, 2021 WL 22716, at *4 (S.D.N.Y. Jan. 4, 2021) (accepting sworn statements where pay records provided in discovery did "not reflect the days of the week or hours worked" and were therefore deficient").  From its review of the evidence, the Court concludes that Plaintiff de Jesus Morales is entitled to $11,553.75 in back wages and Plaintiff Navarro is entitled to $53,427.00 in back wages.[3]

Under the terms of NYLL § 663, each Plaintiff is also entitled to liquidated damages "equal to one hundred percent of such underpayments found to be due," in the absence of a defense showing of "a good faith basis to believe that its underpayment of wages was in compliance with the law."  *See generally Marcelino*, 2018 WL 1517205, at *17-18; *see also Rana*, 887 F.3d at 122-23.  To present this defense, the employer must demonstrate that it "took 'active steps to ascertain the dictates of the FLSA and then act to comply with them.'"  *Barfield v. N.Y.C. Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008) (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999)).  The employer must also show that its good-faith actions were objectively reasonable.  *RSR*, 172 F.3d at 142-43.  Even where a defendant employer has appeared in the action, the Second Circuit has observed that "the employer's burden [is] 'a difficult one,' emphasizing that 'double damages [are] the norm and single damages the exception.'"  *Barfield*, 537 F.3d at 150 (quoting *RSR*, 172 F.3d at 142).  Defendants

---

[3] These figures include minimum wage, overtime, and spread-of-hours wages.  For Plaintiff De Jesus, the minimum wage and overtime figure is $10,383.75 and the spread-of-hours figure is $1,170.00.  For Plaintiff Navarro, the minimum wage and overtime figure is $48,669.00, and the spread-of-hours figure is $4,758.00.

have not appeared in this action or presented such a defense. Accordingly, Plaintiffs are each entitled to a liquidated damages award in the amount of 100% of back wages; Plaintiff de Jesus Morales is entitled to $11,553.75 in liquidated damages and Plaintiff Navarro is entitled to $53,427.00 in liquidated damages.

The NYLL also requires employers to provide annual wage notices to employees hired after April 9, 2011, and to provide each employee with accurate wage statements at the time wages are paid. *See* NYLL §§ 195(1)(a) & (3); 12 N.Y.C.R.R. § 142-2.4. Plaintiffs have alleged that they received no such notices either at the beginning or for the duration of their employment, and the Court has no basis to doubt these claims. Under NYLL § 198-1(d), employees are entitled to recover wage-statement statutory damages of $250 dollars "for each work day that the violations occurred or continue to occur," not to exceed $5,000. In the instant case, this means that each Plaintiff is entitled to $5,000 in wage-statement statutory damages. Under NYLL § 198-1(b), employees are entitled to recover wage-notice statutory damages of $50 dollars "for each work day that the violations occurred or continue to occur," not to exceed $5,000. Here, this results in an additional $3,900 for Plaintiff de Jesus Morales $5,000 for Plaintiff Navarro.

Finally, employees may recover prejudgment interest with respect to their back wages, but not with respect to liquidated damages or violations of the wage statement or wage notice provisions. NYLL § 198(1-a); *Salustio v. 106 Columbia Deli Corp.*, 264 F. Supp. 3d 540, 557 (S.D.N.Y. 2017). "New York law sets the relevant interest rate at nine percent per year." *Ortega v. JR Primos 2 Rest. Corp.*, 2017 WL 2634172, at *6 (S.D.N.Y. June 16, 2017) (citing N.Y. C.P.L.R. § 5004). And to determine when prejudgment interest begins to accrue, "[c]ourts applying [the] NYLL in wage-and-hour cases 'often choose the midpoint of the plaintiff's employment within the limitations period.'" *Hengjin Sun v. China 1221, Inc.*, 2016 WL

1587242, at *6 (S.D.N.Y. Apr. 19, 2016) (quoting *Tackie v. Keff Enters. LLC*, 2014 WL 4626229, at *6 (S.D.N.Y. Sept. 16, 2014)). The Court will award prejudgment interest in this case, starting from the midpoint of each Plaintiff's employment.

### B. Attorneys' Fees and Costs

"Under both the FLSA and the NYLL, a prevailing plaintiff may recover [his or] her reasonable attorney's fees and costs." *Almanzar v. 1342 St. Nicholas Avenue Rest. Corp.*, 2016 WL 8650464, at *12 (S.D.N.Y. Nov. 7, 2016) (citing *Najnin v. Dollar Mountain, Inc.*, 2015 WL 6125436, at *4 (S.D.N.Y. Sept. 25, 2015)); see 29 U.S.C. § 216(b); NYLL § 198(1-a). The Court has discretion to determine the amount of attorneys' fees that would be appropriate to satisfy a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

As a general matter, the "starting point" in analyzing whether claimed attorneys' fees are appropriate is "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citing *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183 (2d Cir. 2008), and *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 (2010)); *see generally Lilly v. City of New York*, 934 F.3d 222, 227-34 (2d Cir. 2019) (discussing calculation of reasonable hourly rates and reasonable number of hours expended). The party seeking fees bears the burden of demonstrating that its requested hours and hourly rates are reasonable, *see Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011), and must provide the court with sufficient information to assess the fee application, *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

The court's focus is "on setting a reasonable hourly rate, taking account of all case-specific variables." *Arbor Hill*, 522 F.3d at 189. The reasonable hourly rate is "the rate a paying client would be willing to pay," bearing in mind that the "paying client wishes to spend the

9

minimum necessary to litigate the case effectively." *Id.* at 190.  When an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the court's discretion to reduce the requested rate.  *See Savino v. Computer Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998).  Once a court has determined the appropriate hourly rate, it must also examine whether the number of hours billed was reasonable.  The court "should exclude excessive, redundant[,] or otherwise unnecessary hours[.]"  *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *see generally Murray v. UBS Sec.*, 2020 WL 7384722, at *11-12 (S.D.N.Y. Dec. 16, 2020).

In addition to the lodestar amount, attorneys' fees may include "'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (citation omitted).  These expenses, or "costs," may include photocopying, travel, telephone costs, and postage, *Kuzma v. Internal Revenue Serv.*, 821 F.2d 930, 933-34 (2d Cir. 1987), as well as filing fees and reasonable process server fees, *Rosendo v. Everbrighten Inc.*, 2015 WL 1600057, at *9 (S.D.N.Y. Apr. 7, 2015), report and recommendation adopted, 2015 WL 4557147 (S.D.N.Y. July 28, 2015).

The Court has reviewed the submissions of Plaintiffs' counsel documenting the hours worked and the activities performed in support of this action.  Dkt. No. 28-1, Faillace Decl.  It accepts the costs figure of $719.00. It also accepts the figure of 19.80 hours expended by Plaintiffs' counsel (both attorneys and staff) on this case. However, it adjusts slightly the rates charged, to bring them in line with other decisions in this District. See, e.g., *Hernandez v. Village Natural Rest. Corp.*, 2020 WL 5518314, at *1 (S.D.N.Y. Sept. 14, 2020) (collecting cases concluding that the proposed rates of attorneys at Faillace & Associates are "excessive"); *Guzman Iturbide v. Huntingwood, Inc.*, 2020 WL 4570492, at *2 (S.D.N.Y. Aug. 7, 2020)

(same). Specifically, the Court awards $400 per hour for Michael Faillace; $300 per hour for Daniel Tannenbaum and William K. Oates; and $100 per hour for the work of paralegals, for a total of $14,875.50 in attorneys' fees for their work on this case. See *Rosendo*, 2015 WL 1600057, at *9 (determining reasonable hourly rates for Mr. Faillace and for a senior attorney with 10 years of experience were $400 and $300, respectively).

## CONCLUSION

For the reasons set forth above, the Court concludes that Plaintiffs are entitled to relief on their claims for back wages, for wage notice and wage statement violations, and for attorneys' fees and costs. The Clerk of Court is directed to prepare a judgment reflecting the Court's holding and setting forth Plaintiffs' damages as follows:

- For Plaintiff Dionicio de Jesus Morales: $11,553.75 in back wages under the NYLL, with 9% prejudgment interest accruing from August 15, 2019; $11,553.75 in liquidated damages; $3,900 for Defendants' violation of NYLL § 195(1) and $5,000 for Defendants' violation of NYLL § 195(3).

- For Plaintiff Florentino Saldana Navarro: $53,427.00 in back wages under the NYLL, with 9% prejudgment interest accruing from July 1, 2019; $53,427.00 in liquidated damages; $5,000 for Defendants' violation of NYLL § 195(1); and $5,000 for Defendants' violation of NYLL § 195(3).

- The Court also awards attorneys' fees in the amount of $5,790.00 and costs in the amount of $719.00. "[I]f any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after the expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent." NYLL § 198(4).

- Finally, the Court awards post-judgment interest pursuant to 28 U.S.C. § 1961.

The Clerk of Court is directed to close this case. The Court directs Plaintiffs to transmit a copy of this Order to Defendants through any means they have previously used to communicate

with Defendants.

    SO ORDERED.

Dated: August 24, 2021
       New York, New York

LEWIS J. LIMAN
United States District Judge